## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**EDWARD THOMAS KENNEDY,** :
    **Plaintiff,** :
     :
    **v.** :        **CIVIL ACTION NO. 18-CV-3532**
     :
**BRADLEY J. GETZ,** *et al.*, :
    **Defendants.** :

### MEMORANDUM

**SCHMEHL, J.  /s/ JLS**                           **AUGUST 27, 2018**

     *Pro se* Plaintiff Edward Thomas Kennedy, a frequent litigant in this Court, filed this civil action against Bradley J. Getz, Richard H. D'Ambrosia, Robert Evanchick, the Pennsylvania State Police, Judge Malachy Edward Mannion, Magistrate Judge William I. Arbuckle, the Pennsylvania Bar Association, the Unified Judicial System of Pennsylvania, Chief Justice Thomas Saylor, Philip Carl Petrus, Richard Charles Clink, Thomas B. Darr, and the Administrative Office of the Pennsylvania Courts.  (ECF No. 2.)  He has also filed a Motion for Leave to Proceed *In Forma Pauperis*.  (ECF No. 1.)  For the following reasons, the Court will grant Kennedy leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.    FACTS AND PROCEDURAL HISTORY

### A.    Relevant Procedural History in This Court[1]

On March 6, 2018, this Court received a complaint from Kennedy in which he raised

claims regarding events that occurred on June 2, 2017 and August 28, 2017.  That complaint was

docketed as Civil Action No. 18-977.  *Kennedy v. Hanna*, Civ. A. No. 18-977 (E.D. Pa.).

Specifically, Kennedy alleged that on June 2, 2017, multiple officers surrounded his residence

and threatened to arrest him using extreme force.  Compl., *Kennedy v. Hanna*, Civ. A. No. 18-

977 (E.D. Pa.) (ECF No. 3).  He also alleged that on August 28, 2017, he was assaulted and

falsely imprisoned by deputy sheriffs with the Lehigh County Sheriff's Department in the

parking lot of a Target store.  *Id.*  He further asserted that between August 28 and August 30,

2018, while being held at the Lehigh County Jail, he was subjected to rectal examinations, non-

consensual medical examinations, and imprisonment in solitary confinement.  *Id.*  By Order

entered on March 23, 2018, the Honorable C. Darnell Jones, II, granted Kennedy leave to

proceed *in forma pauperis* and directed service of his Complaint.  Order, *Kennedy v. Hanna*, Civ.

A. No. 18-977 (E.D. Pa.) (ECF No. 2).  Proceedings in that matter are still pending before Judge

Jones.

Subsequently, on August 8, 2018, Kennedy filed a complaint against the Commonwealth

of Pennsylvania and Governor Tom Wolf.  Compl., *Kennedy v. Commonwealth of Pa.*, Civ. A.

No. 18-3374 (E.D. Pa.) (ECF No. 1).  That matter was assigned to Judge Jones as well.  In that

---

[1] Besides the cases described below, Kennedy has also filed the following in this Court: *Kennedy v. Jones*, Civ. A. No. 18-3442 (E.D. Pa.) (filed Aug. 13, 2018); *Kennedy v. Comm'r of Soc. Sec.*, Civ. A. No. 18-2522 (E.D. Pa. filed June 14, 2018); *Kennedy v. Commissioner*, Civ. A. No. 18-257 (E.D. Pa.) (filed Jan. 18, 2018); *Kennedy v. Equifax, Inc.*, Civ. A. No. 18-214 (E.D. Pa.) (filed Jan. 16, 2018); *Kennedy v. Nester*, Civ. A. No. 17-4845 (E.D. Pa.) (filed Oct. 27, 2017); *Kennedy v. Dent*, Civ. A. No. 17-4844 (E.D. Pa.) (filed Oct. 27, 2017); *Kennedy v. Muldowney*, Civ. A. No. 17-4599 (E.D. Pa.) (filed Oct. 13, 2017); *Kennedy v. United States*, Civ. A. No. 17-4579 (E.D. Pa.) (filed Oct. 12, 2017);

complaint, Kennedy again mentioned the events of June 2, 2017 and August 28, 2017 and

referenced the conditions he endured during his confinement at the Lehigh County Jail.  *Id.*  By

Memorandum and Order entered on August 24, 2018, Judge Jones granted Kennedy leave to

proceed *in forma pauperis* and dismissed his Complaint.  Mem. and Order, *Kennedy v.*

*Commonwealth of Pa.*, Civ. A. No. 18-3374 (E.D. Pa.) (ECF Nos. 4, 5).  Specifically, Judge

Jones noted that the Commonwealth of Pennsylvania was entitled to Eleventh Amendment

immunity, and that nothing in Kennedy's Complaint "plausibly suggest[ed] that Governor Wolf

either maintained a policy or custom which caused the alleged harm or had any personal

involvement in the events Kennedy describes."  Mem. at 3-4, *Kennedy v. Commonwealth of Pa.*,

Civ. A. No. 18-3374 (E.D. Pa.) (ECF No. 4).  Judge Jones also dismissed any claims arising

from the events of June 2, 2017 and August 28, 2017 without prejudice to Kennedy proceeding

in Civil Action No. 18-977.  *Id.* at 5.  Kennedy was not given leave to file an amended

complaint.

On August 20, 2018, the Court received the Complaint filed in this matter, as well as

Kennedy's Motion for Leave to Proceed *In Forma Pauperis*.  (ECF Nos. 1, 2.)  Once again,

Kennedy references the events of June 2, 2017 and August 28, 2017, as well as his imprisonment

from August 28-30, 2017.  (Compl. at 6.)[2]  Specifically, Kennedy alleges that "Getz and others"

injured him on June 2, 2017 and that all the Defendants kidnapped him on August 28, 2017.

(*Id.*)  He further argues that Petrus and Clink injured him during court proceedings in Frackville

and Port Carbon, Pennsylvania.  (*Id.*)  Kennedy contends that Chief Justice Saylor, Judge

Mannion, and Magistrate Judge Arbuckle "(probably) obstructed justice in these matters by their

failure to respond to Kennedy's complaints, and by the Mannion/Arbuckle 'Order,' found at

---

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

Exhibit 5." (*Id.* at 2.) He also faults those individuals, as well as Evanchick, Clink, and Petrus, for "ignor[ing his] Common law petition to vacate a void judgment." (*Id.* at 5.)

Kennedy asserts that this "is a federal question matter." (*Id.* at 3.) He sets forth causes of action for "trespass," "trespass on the case," "trespass on the case—vicarious liability," "failure to provide a republican form of government," and "intentional infliction of emotional distress." (*Id.* at 3-9.) He requests declaratory and injunctive relief, as well as damages. (*Id.* at 9-10.)

### B.    Relevant History in Other Courts

Public dockets reflect that in March and April of 2018, Kennedy filed three cases in the Middle District of Pennsylvania. *See Kennedy v. Evanchick*, Civ. A. No. 18-777 (M.D. Pa.) (filed Apr. 10, 2018); *Kennedy v. Dutcavage*, Civ. A. No. 18-767 (M.D. Pa.) (filed Apr. 9, 2018); *Kennedy v. Petrus*, Civ. A. No. 18-697 (M.D. Pa.) (filed Mar. 30, 2018). He filed a fourth case in May of 2018 in the Southern District of New York, and in June of 2018 the case was transferred to the Middle District of Pennsylvania. *See Kennedy v. Borough of Minersville*, Civ. A. No. 18-1325 (M.D. Pa.) (filed May 14, 2018). Civil Action Nos. 18-777 and 18-1325 have been assigned to Judge Malachy Mannion and Magistrate Judge William Arbuckle. Many of the defendants named in these suits are the same as Defendants named in the Complaint now before the Court, including Petrus, Evanchick, Getz, D'Ambrosia, the Pennsylvania State Police, Chief Justice Saylor, and Clink. At least two of the suits reference the events of June 2 and August 28, 2017, as well as Kennedy's imprisonment from August 18-30, 2017. *See Kennedy v. Evanchick*, Civ. A. No. 18-777 (M.D. Pa.); *Kennedy v. Petrus*, Civ. A. No. 18-697 (M.D. Pa.). On August 3, 2018, in Civil Action No. 18-777, Magistrate Judge Arbuckle entered an Order denying a motion to compel filed by Kennedy. Order, *Kennedy v. Evanchick*, Civ. A. No. 18-777 (M.D. Pa.) (ECF No. 14).

## II.    STANDARD OF REVIEW

The Court will grant Kennedy leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is, *inter alia*, malicious.  "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant."  *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995).  In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims."  *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

The Court is also required to dismiss the Complaint if it fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory statements and naked assertions will not suffice.  *Id.*  The Court may also consider matters of public record.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  As Kennedy is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

The Court construes Kennedy's claims against the Defendants to be brought pursuant to 42 U.S.C. § 1983, as he mentions that the Defendants have denied him due process and equal protection.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  As discussed below, Kennedy's Complaint is both malicious and fails to state a claim for relief against the named Defendants under § 1983.

Kennedy's Complaint is malicious because he is once again raising claims concerning the events of June 2, 2017, August 28, 2017, as well as his incarceration from August 28-30, 2017.  As noted above, Kennedy first asserted those claims in Civil Action No. 18-977, and proceedings in that matter are still pending before Judge Jones.  This is the third lawsuit that Kennedy has filed in this Court with respect to these events.  Each time, he names new individuals as Defendants.  However, "the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints." *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (en banc).  If Kennedy seeks to clarify his claims regarding these events and name more individuals who were allegedly involved, he should seek leave to amend in Civil Action No. 18-977 rather than filing multiple lawsuits.

The Complaint also fails to state a claim for relief under § 1983.  Kennedy appears to suggest that the named Defendants were involved in a conspiracy to violate his rights.  "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild*

*LLP*, 615 F.3d 159, 178 (3d Cir. 2010).  "[A] bare assertion of conspiracy will not suffice."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'"  *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (per curiam) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)).  Rather, a plaintiff must allege in specific "terms the approximate time when the agreement was made, the specific parties to the agreement (i.e., which judges), the period of the conspiracy, or the object of the conspiracy."  *Great W. Mining & Mineral Co.*, 615 F.3d at 179.

Here, Kennedy's allegations do not support a plausible conspiracy.  Instead, he bases his claims on general allegations and, perhaps, assumptions that his losses in various courts stemmed from something nefarious.  Therefore, as Kennedy's Complaint does not provide facts supporting a vast, plausible conspiracy among the Defendants, his conspiracy claims fail.

Moreover, Kennedy has named several entities that are improper defendants pursuant to § 1983.  There is no legal basis for Kennedy's claims against the Pennsylvania State Police, the Unified Judicial System of Pennsylvania, and the Administrative Office of the Pennsylvania Courts, which are entitled to Eleventh Amendment immunity and do not constitute "persons" for purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Tarapchak v. Cty. of Lackawanna*, --- F. App'x ----, 2018 WL 3038394, at *5 n.7 (3d Cir. June 19, 2018); *Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011) (per curiam); *Allen v. Admin. Office of Pa. Courts*, 270 F. App'x 149, 150 (3d Cir. 2008) (per curiam).  Furthermore, the Pennsylvania Bar

Association is not a state actor for purposes of § 1983. *See Coulter v. Allegheny Cty. Bar Ass'n*, 496 F. App'x 167, 169 (3d Cir. 2012).

Kennedy also cannot proceed on his § 1983 claims against Chief Justice Saylor, Judge Mannion, and Magistrate Judge Arbuckle because they are barred by absolute judicial immunity. Judges are entitled to absolute immunity from civil rights claims based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Soto v. Sleet*, 458 F. App'x 89, 90 (3d Cir. 2012) (per curiam) (concluding that federal judge was entitled to immunity because "[t]he allegations in Soto's complaint relate to action or inaction taken by the District Court in his capacity as a judge"); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam) (same). "Judicial immunity attaches even if the act was done in furtherance of a conspiracy." *Harvey*, 505 F. App'x at 90 (citing *Dennis v. Sparks*, 449 U.S. 24, 26-27 (1980)). Here, Kennedy's claims against Chief Justice Saylor and Magistrate Judge Arbuckle are based on the manner in which they handled Kennedy's submissions. He has sued Judge Mannion merely for being assigned to two of his cases pending in the Middle District of Pennsylvania. As Kennedy has apparently sued these judicial officers for acts or omissions taken in their judicial capacity, judicial immunity clearly applies.

Finally, Kennedy fails to state plausible claims for relief against the remaining Defendants. He fails to mention Thomas Darr in the body of his Complaint and therefore fails to state a basis for imposing liability against him. Kennedy vaguely mentions that Getz, D'Ambrosia, Evanchick, Petrus, and Clink caused injury to him, but fails to set forth facts alleging how they did so. However, because it is clear that Kennedy has named them as Defendants in connection with the events of June 2, 2017, August 28, 2017, and his incarceration

8

from August 28-30, 2017, the Court will not permit him to amend these claims against these individuals.  Instead, if Kennedy believes it is proper to do so, he should seek leave to amend in Civil Action No. 18-977 or one of his pending cases in the Middle District of Pennsylvania.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Kennedy leave to proceed *in forma pauperis* and dismiss his Complaint as malicious and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). If Kennedy seeks to clarify or amend his claims regarding the events of June 2, 2017, August 28, 2017, and his incarceration from August 28-30, 2017, he must do so in Civil Action No. 18-977.  In light of Kennedy's filing history, the Court will place him on notice that filing another new case regarding these same events may result in restriction of his filing privileges.  *See Abdul-Akbar v. Watson*, 901 F.3d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").  Kennedy will not be permitted to file an amended complaint in this matter.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**
